## HAPCO FARMS, INC., Plaintiff–Appellant,

v.

## IDAHO POTATO COMMISSION, Defendant–Appellee.

### No. 00–7675.

United ·States Court of Appeals, Second Circuit.

Argued Dec. 4, 2000.

Decided Feb. 02, 2001.

J. Joseph Bainton, (John G. McCarthy, Bainton McCarthy & Siegel, New York, NY, on the brief), for Plaintiff–Appellant.

Michael Gilmore, Deputy Attorney General for the State of Idaho, Boise, ID, David Zaslowsky, (Robert P. Lewis, Baker & McKenzie, New York, NY, on the brief), for Defendant–Appellee.

Before KEARSE, WINTER, and McLAUGHLIN, Circuit Judges.

PER CURIAM:

Plaintiff Hapco Farms, Inc. ("Hapco"), appeals from a judgment entered in the United States District Court for the Southern District of New York, Charles L. Brieant, *Judge,* dismissing its complaint against defendant Idaho Potato Commission ("IPC") seeking a declaration pursuant to 15 U.S.C. § 1064 that certain federally registered certification marks and trademarks owned by IPC should be canceled, as well as damages based on IPC's alleged use of those marks to violate federal antitrust laws. The district court dismissed the complaint on the ground that IPC is an agency of the State of Idaho, funded by the State, and is thus entitled to immunity under the Eleventh Amendment to the Constitution. We reject Hapco's challenge to that ruling. Most of the factors set out in *Mancuso v. New York State Thruway Authority,* 86 F.3d 289 (2d Cir.), *cert. denied,* 519 U.S. 992, 117 S.Ct. 481, 136 L.Ed.2d 375 (1996), in particular the first, second, fourth, and sixth, weigh in favor of the conclusion that IPC is a state agency. Accordingly, we affirm substantially for the reasons stated in Judge Brieant's opinion, reported at 95 F.Supp.2d 150 (2000)

We have considered all of Hapco's contentions on this appeal and have found in them no basis for reversal. The judgment of the district court is affirmed.